UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: BABY FOOD PRODUCTS LIABILITY LITIGATION<br><br>―――――――――――――――――<br><br>This Document Relates To:<br><br>*Watkins v. Nuture, LLC, et al.,*<br>Case No. 24-cv-2832 JSC | Case No. 24-md-03101-JSC<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Plaintiff parents sue the manufacturers of baby food alleging heavy metals in the food injured their young son. They also sue the baby food retailers, Amazon.com and Whole Foods, for negligence. The action, originally filed in Louisiana, was transferred into this Multi-District Litigation. Pending before the Court is the retailer defendants' motion to dismiss. After carefully considering the written submissions, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS the motion to dismiss. Plaintiffs have not alleged facts that support a plausible inference the retailer defendants owed their son a duty, a necessary element of the negligence claim.

## DISCUSSION

The parties agree Louisiana law governs the claim. Under Louisiana law, "a non-manufacturing seller of a defective product is not responsible for damages in tort absent a showing that he knew or should have known the product was defective and failed to declare it." *Jackson v. Sears Authorized Retail Dealer Store,* 36,166 (La. App. 2 Cir. 6/12/02), 821 So. 2d 590, 593

1  (2002). "Nor is a non-manufacturing seller required to inspect the product prior to sale to

2  determine the possibility of inherent vices or defects." *Id.* As Plaintiffs allege Amazon.com and

3  Whole Foods were the retail sellers, and not also the manufacturers, of the allegedly defective

4  baby food, they could not have breached a duty to Plaintiffs' son as a matter of law. So, the

5  negligence claim fails.

6  Plaintiffs respond they are pursuing a theory of "negligent performance of undertaking" in

7  accordance with Section 324A of the Restatement (Second) of Torts. *See* Restatement (Second) of

8  Torts § 324A (Am Law Inst. 1965). Under that rule:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
>
> (a) his failure to exercise reasonable care increases the risk of such harm, or
>
> (b) he has undertaken to perform a duty owed by the other to the third person, or
>
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

*Hernandez v. Dedicated TCS, L.L.C.*, No. CV 16-3621, 2017 WL 2868803, at *3–4 (E.D. La. July 5, 2017). Plaintiffs contend they have plausibly alleged a negligent performance of undertaking claim because they allege the retailer defendants "were service providers engaged in the business of curating, selecting, testing, and monitoring of goods." (Amended Petition ¶ 120). The Court is not persuaded.

To survive a motion to dismiss in federal court, a complaint must provide sufficient factual allegations to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility requires the plaintiff to plead facts that "allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[B]are assertions" are insufficient to make a claim plausible. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013); *see also Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (holding courts must "discount[ ] conclusory statements,

which are not entitled to the presumption of truth, before determining whether a claim is plausible."). Plaintiffs have merely made conclusory assertions unaccompanied by any facts that allow the Court to draw the plausible inference the retailer defendants affirmatively agreed to test and monitor the baby food products such that they owed a duty to Plaintiffs' son. So, the retailer defendants' motion to dismiss must be granted.

## CONCLUSION

For the above reasons, the retailers' motion to dismiss is GRANTED. The master long-form complaint filed July 15, 2024 does not make claims against Amazon.com or Whole Foods. At the case management conference on July 25, 2024, the Court will discuss with the parties whether leave to amend the claims against these retailer defendants should be granted.

This Order disposes of Docket No. 220 in 24-cv-2832 JSC.

**IT IS SO ORDERED.**

Dated: July 23, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge